**Vangjel SHYTI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–40140–ag.

United States Court of Appeals, Second Circuit.

Jan. 10, 2007.

Marisa C. Petrella, Sarah M. Brown, Petrella Brown, PLC, Southfield, MI, for Petitioner.

William J. Leone, Acting United States Attorney for District of Colorado, Amanda Rocque, Assistant United States Attorney, Denver, CO, for Respondent.

Present: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

. Petitioner Vangjel Shyti (A 70–690–774), a native and citizen of Albania, petitions for review of the May 30, 2003 BIA decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review an IJ's factual findings under the substantial evidence standard, and therefore "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). Alternatively, "where the agency's determination is based on an inaccurate perception of the record, omitting potentially significant facts, we may remand for reconsideration or rehearing, or, if circumstances warrant it, a new hearing." *See, e.g., Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004) (internal citations omitted). We review the IJ's applications of law to undisputed facts *de novo. See, e.g., Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

In order to establish eligibility for asylum, an applicant must show that she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). We have defined "persecution" as "the infliction of suffering or harm .upon those who differ on the basis of a

protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). We have explained that "persecution does not encompass mere harassment," *id.*, but we have also emphasized that persecution includes "more than threats to life or freedom" and that "non-life-threatening violence and physical abuse also fall within this category," *Tian–Yong Chen*, 359 F.3d at 128 (internal quotation marks omitted).

At his hearing before the IJ, Shyti testified that his brother had been a police officer in Albania between 1992 and 1997, during which time the Democratic Party was in power. He stated that while serving as a police officer, his brother received, by phone and mail, death threats from opponents of the Democratic Party, who stated that if he "continued[d] the road of democracy ... we are going to kill you." His brother left Albania in 1997 and was ultimately granted asylum in the United States. Shortly after his brother's departure, the Socialist Party came into power in Albania. Shyti testified that in February of 1998, policemen came to his school, confirmed that he was the brother of Nicolini Shyti, beat him up, and threatened that "if I was going to keep connections with my brother, they were going to kill me." In September of 1998, following the assassination of a political leader of the Democratic Party, Shyti participated in political protests. One of his brother's friends then told him that he was wanted by the police. Upon learning this, Shyti turned himself in, and the police told him that they were placing him under supervision. Shyti also testified that in 2000, while traveling with a cousin and friend, he was shot at by masked individuals. His friend ended up being grazed by a bullet. Shyti stated that they reported the incident to the police, but that the police re-

sponded by laughing and mocking them, stating that they could not protect Democrats. He testified that he left Albania shortly thereafter, and that he believed that if he were to return, he would be imprisoned or killed.

In his oral decision, the IJ first expressed some concerns about Shyti's credibility, but ultimately rested his decision on the grounds that, even assuming the credibility of Shyti's testimony, the events to which he had testified did not, as a matter of law, rise to the level of past persecution.[1] In describing and analyzing Shyti's testimony, however, the IJ left out important aspects of it. Most troublingly, although Shyti had testified that during his February 1998 encounter with the police, the police beat him up and threatened to kill him if he maintained connections with his brother, the IJ characterized him as having testified merely that he "was approached by police officers that were asking where his brother was.... The police officers threatened [him] that he would not follow his brother's footsteps [and] that he would not join the democratic party." The IJ also did not analyze Shyti's testimony that, after the shooting incident in 2000, the police told him that they could not protect Democrats.

As set forth above, when the BIA's "determination is based on an inaccurate perception of the record, omitting potentially significant facts, we may remand for reconsideration." *See Tian–Yong Chen*, 359 F.3d at 127. Indeed, in *Tian–Yong Chen*, we remanded for reconsideration where the IJ and BIA, in ruling that the past events suffered by an asylum applicant did not rise to the level of persecution, had failed to consider the applicant's testimony that he had been beaten on account of his Roman Catholicism. *See id.* at 127–129. Similarly, because here the IJ

---

1. The IJ thus never made an express credibility finding.

(as summarily affirmed by the BIA) Shyti's testimony as to the beating (and threats on his life) that he received from the police due to his connection with the Democratic Party, we believe that reconsideration on his asylum claim is warranted.

■ In addition to finding that Shyti had not established past persecution, the IJ also found that he had not established a well-founded fear of future persecution, because Shyti had "failed to establish that he could not relocate to another part of Albania," and because the background material indicated changed country conditions. It is true that changed country conditions, as well as the ability to relocate to another part of the country, serve as bases upon which an asylum application can be denied. 8 C.F.R. § 208.13(b)(i)(A), (B). This does not, however, obviate the need for a remand. Had Shyti met his burden of showing past persecution, the burden of disproving future persecution would have shifted to the government, under a "preponderance of the evidence" standard. See 8 C.F.R. § 208.13(b)(1)(ii) ("In cases in which an applicant has demonstrated past persecution, ... the Service shall bear the burden of establishing by a preponderance of the evidence the requirements of paragraphs (b)(1)(i)(A) or (B) of this section.") Because the IJ found that Shyti had not established past persecution, however, he placed the burden on him to establish a well-founded fear of persecution. Indeed, in his oral decision, the IJ explicitly emphasized that it was Shyti who bore this burden. Thus, the IJ's error in evaluating Shyti's past persecution claim affected his assessment of his future persecution claim, and this issue must be revisited upon remand.

■ Shyti's claim for withholding of removal—which requires a showing that her "life or freedom would be threatened in [Albania] because of [his] ... political opinion," 8 U.S.C. § 1231(b)(3)(A)—must be remanded for the same reason that his asylum claim requires remand: the IJ's failure to consider evidence relevant to this claim.[2] Shyti's CAT claim, however, fails because he did not meaningfully raise it before the BIA; instead, his only substantive arguments to the BIA related to his eligibility for asylum and withholding of removal. *See, e.g., Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). On appeal, Shyti has similarly failed to meaningfully brief his CAT claim.

■ Finally, we note that Shyti also, in his brief to this Court, raised the argument that the BIA abused its discretion by affirming without opinion the IJ's decision pursuant to the BIA's "streamlining" procedures codified at 8 C.F.R. § 1003.1(e). Under this Court's recent decision in *Kambolli v. Gonzales*, 449 F.3d 454 (2d Cir.2006), we lack jurisdiction to review this claim. As *Kambolli* explained, however, "our lack of jurisdiction to review decisions by single BIA members to affirm without referral to three-member BIA panels does not, we emphasize prevent us from reviewing the merits of IJ decisions," *id.* at 464, and that is precisely what we have done here.

Accordingly, Shyti's petition for review is **GRANTED,** the BIA's order is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this opinion.

---

**2.** We disagree with the government's argument that Shyti waived his claim for withholding of removal by not including it in his brief to the BIA. Shyti specifically made reference to this claim in his brief, and the substantive arguments that he made bore on his eligibility for both asylum and withholding of removal.